**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Eastern_____ District of __New York_____
(State)

Case number (*If known*): _____ Chapter __11__

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2025 FEB 12

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | Deed Rescue, LLC |

2. **All other names debtor used in the last 8 years**

    Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**    99-3879891 __ __ __ __ __ __ __

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 20 Spruce road | |
| Number    Street | Number    Street |
| | |
| | P.O. Box |
| Amityville    NY    11701 | |
| City    State    ZIP Code | City    State    ZIP Code |
| | |
| SUFFOLK | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number    Street |
| | |
| | |
| | City    State    ZIP Code |

5. **Debtor's website** (URL)    _____

| Debtor | Deed Rescue, LLC | Case number (if known) |
|---|---|---|
| | Name | |

---

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

*A. Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

*B. Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

*C.* NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☒ Yes.  District **EDNY**  When **12/10/2024**  Case number **8-24-74671-las**
                                       MM / DD / YYYY

      District _____  When _____  Case number _____
                                                MM / DD / YYYY

---

Debtor    Deed Rescue, LLC
_____    Case number (if known)_____
Name

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes.  Debtor _____    Relationship _____

    District _____    When _____
                                                                        MM  /  DD  / YYYY

    Case number, if known _____

---

11. **Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

☒ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☒ Other  Chattel paper
_____

**Where is the property?**  1050 Hastings Street
_____
Number          Street

_____

Baldwin_____    NY    11510
City                                                        State ZIP Code

**Is the property insured?**

☐ No

☒ Yes. Insurance agency  Countrywide Home Loans, Inc
_____

        Contact name  _____

        Phone  _____

---

| **Statistical and administrative information** |

---

13. **Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

14. **Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Debtor    **Deed Rescue, LLC**
          Name                                                    Case number (if known)_____

| 15. **Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/12/2025
             MM  / DD /YYYY

✖ _____          Roger Rowe
   Signature of authorized representative of debtor      Printed name

Title **Member** _____

18. **Signature of attorney**

✖ _____          Date  _____
   Signature of attorney for debtor                   MM   / DD / YYYY

Printed name _____

Firm name _____

Number       Street _____

City _____          State _____    ZIP Code _____

Contact phone _____          Email address _____

Bar number _____          State _____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK
### www.nyeb.uscourts.gov

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):** Deed Rescue, LLC                                     **CASE NO.:** _____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

**[NOTE:** Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☐ **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐ **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

1. **CASE NO.:** 8-24-74671-las     **JUDGE:** Louis A. Scarcella          **DISTRICT/DIVISION:** EDNY

**CASE STILL PENDING: (YES/NO):** NO     *[If closed]* **Date of closing:** January 21, 2025

**CURRENT STATUS OF RELATED CASE:** Dischrged _____
**(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

2. **CASE NO.:** _____     **JUDGE:** _____     **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** _____ *[If closed]* **Date of closing:** _____

**CURRENT STATUS OF RELATED CASE:** _____
**(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*: _____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

[OVER]

**DISCLOSURE OF RELATED CASES (cont'd)**

3. **CASE NO.:** _____ **JUDGE:** _____ **DISTRICT/DIVISION:** _____

**CASE STILL PENDING: (YES/NO):** NO_____    *[If closed]* Date of closing: _____

**CURRENT STATUS OF RELATED CASE:** _____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

**MANNER IN WHICH CASES ARE RELATED** *(Refer to NOTE above)*:_____

**REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ('REAL PROPERTY') WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASES:** _____

_____

**NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.**

**TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:**

**I am admitted to practice in the Eastern District of New York (Y/N):** NO_____

**CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):**

**I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.**

_____          _____
**Signature of Debtor's Attorney**                          Signature of Pro-se Debtor/Petitioner

                                                                         20 Spruce road
                                                                         **Mailing Address of Debtor/Petitioner**

                                                                         Amityville, NY 11751
                                                                         **City, State, Zip Code**

                                                                         rroweny@gmail.com
                                                                         **Email Address**

                                                                         631-767-6537
                                                                         **Area Code and Telephone Number**

**Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.**

**NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re: **Deed Rescue LLC**


                              Debtor(s)
-------------------------------------------------x

## AFFIRMATION OF FILER(S)

All individuals filing a bankruptcy petition on behalf of a pro se debtor(s), must provide
the following information:

Name of Filer: Roger Rowe
Address: 20 Spruce rd. Amityville, NY 11701
Email Address: rroweny@gmail.com
Phone Number: 631-767-6537
Name of Debtor(s): Deed Rescue LLC

CHECK THE APPROPRIATE RESPONSES:

ASSISTANCE PROVIDED TO DEBTOR(S):

[X] I PREPARED THE PETITION AND/OR ASSISTED WITH THE PAPERWORK BY

DOING THE FOLLOWING:  As sole member I filed the bankruptcy on behalf of my LLC


[ ] I DID NOT PROVIDE THE PAPERWORK OR ASSIST WITH COMPLETING THE
FORMS.

FEE RECEIVED:

[X] I WAS NOT PAID.

[ ] I WAS PAID.

                   Amount  Paid: $ 0.00


I/We hereby affirm the information above under the penalty of perjury.


Dated: February 12, 2025                          _____
                                                  Filer's Signature

**Fill in this information to identify the case and this filing:**

Debtor Name __Deed Rescue, LLC_____

United States Bankruptcy Court for the: __Eastern_____ District of __New York__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* ____

❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

❑ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02/12/25___          **x** _____
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

Roger Rowe
Printed name

Member
Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**Fill in this information to identify the case:**

Debtor name __Deed Rescue, LLC__

United States Bankruptcy Court for the: __Eastern__ District of __New York__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property   12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

### Part 1:   List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|

**2.1**

**Creditor's name**
Mellon FKA The Bank of New York

**Creditor's mailing address**
154 Woodhill Lane
Manhasset, New York 11030

**Creditor's email address, if known**
_____

**Date debt was incurred** June 18, 2024

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.
_____
_____

**Describe debtor's property that is subject to a lien**
1050 Hasting Street
Baldwin, NY 11510
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☐ No
☒ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☒ Disputed

Column A: $ 609,000.00    Column B: $ 0.00

**2.2**

**Creditor's name**
_____

**Creditor's mailing address**
_____
_____

**Creditor's email address, if known**
_____

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  _____
  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Column A: $ _____   Column B: $ _____

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**   $ 609,000.00

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

- --------------------------------------------------- x

**In Re:**                                                            **Case No.**

                                                                            **Chapter**

**Deed Rescue LLC**




                                        **Debtor(s)**

- --------------------------------------------------- x



## VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS


   The undersigned debtor(s) or attorney for the debtor(s) hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his or her knowledge.



Dated: February 12, 2025

            _____
            Debtor


            _____
            Joint Debtor


            s/ _____
            Attorney for Debtor

Mellon FKA The Bank of New York
Raja Karan Mehra, Esq
*Attorney for Creditor*
154 Woodhill Lane
Manhasset, New York 11030

**Fill in this information to identify the case:**

Debtor name  Deed Rescue, LLC

United States Bankruptcy Court for the:  Eastern _____ District of  NY _____
                                                                              (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  Mellon FKA The Bank of New York 154 Woodhill Lane Manhasset, New York 11030 | Raja Karan Mehra | Judgment lien | disputed | $0.00 | TBD | YES |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |

Debtor    Deed Rescue, LLC _____     Case number (if known) _____
                  Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

ARTICLES OF ORGANIZATION
OF
DEED RESCUE LLC
Under Section 203 of the Limited Liability Company Law

THE UNDERSIGNED, being a natural person of at least eighteen (18) years of age, and acting as the organizer of the limited liability company hereby being formed under Section 203 of the Limited Liability Company Law of the State of New York certifies that:

FIRST:  The Name of the limited liability company is: **DEED RESCUE LLC**

SECOND:  To engage in any lawful act or activity within the purposes for which limited liability companies may be organized pursuant to Limited Liability Company Law provided that the limited liability company is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency, or other body without such consent or approval first being obtained.

THIRD:  The county, within this state, in which the office of the limited liability company is to be located is **SUFFOLK**

FOURTH:  The Secretary of State is designated as agent of the limited liability company upon whom process against the limited liability company may be served. The post office address to which the Secretary of State shall mail a copy of any process against the limited liability company served upon the Secretary of State by personal delivery is:
**ROGER ROWE**
**20 SPRUCE RD**
**AMITYVILLE, NY 11701**

I certify that I have read the above statements, I am authorized to sign these Articles of Organization, that the above statements are true and correct to the best of my knowledge and belief and that my signature typed below constitutes my signature.

**ROGER ROWE** (Signature)
-----------------------------------------------------

**ROGER ROWE, ORGANIZER**
**20 SPRUCE RD**
**AMITYVILLE, NY 11701**

Filed by:

Filed with the NYS Department of State on 02/17/2024
Filing Number: 240217000224 DOS ID: 7257174

ROGER ROWE
20 SPRUCE RD
AMITYVILLE, NY 11701

# OPERATING AGREEMENT FOR MEMBER-MANAGED LIMITED LIABILITY COMPANY

## I. PRELIMINARY PROVISIONS

*(1) Effective Date:* This operating agreement of Deed Rescue LLC effective February 17, 2024, is adopted by the members whose signatures appear at the end of this agreement (the "Agreement").

*(2) Formation:* This limited liability company (LLC) was formed by filing Articles of Organization, a Certificate of Formation or a similar organizational document with the LLC filing office of the state of New York on February 17, 2024. A copy of this organizational document has been placed in the LLC's records book.

*(3) Name:* The formal name of this LLC is as stated above. However, this LLC may do business under a different name by complying with the state's fictitious or assumed business name statutes and procedures.

*(4) Registered Office and Agent:* The registered office of this LLC and the registered agent at this address are as follows:
**Roger Rowe**

**20 Spruce rd.**

**Amityville, NY 11701**

The registered office and agent may be changed from time to time as the members may see fit, by filing a change of registered agent or office form with the state LLC filing office. It will not be necessary to amend this provision of the operating agreement if and when such a change is made.

*(5) Business Purposes:* The specific business purposes and activities contemplated by the founders of this LLC at the time of initial signing of this agreement consist of the following:

Property management, purchase and sale.

It is understood that the foregoing statement of purposes shall not serve as a limitation on the powers or abilities of this LLC, which shall be permitted to engage in any and all lawful business activities. If this LLC intends to engage in business activities outside the state of its formation that require the qualification of the LLC in other states, it shall obtain such qualification before engaging in such out-of-state activities.

*(6) Duration of LLC:* The duration of this LLC shall be perpetual.  Further, this LLC shall terminate when a proposal to dissolve the LLC is adopted by the membership of this LLC or when this LLC is otherwise terminated in accordance with law.

## II. MEMBERSHIP PROVISIONS

1

*(1) Non-liability of Members:* No member of this LLC shall be personally liable for the expenses, debts, obligations or liabilities of the LLC, or for claims made against it.

*(2) Reimbursement for Organizational Costs:* Members shall be reimbursed by the LLC for organizational expenses paid by the members. The LLC shall be authorized to elect to deduct organizational expenses and start-up expenditures ratably over a period of time as permitted by the Internal Revenue Code and as may be advised by the LLC's tax advisor.

*(3) Management:* This LLC shall be managed exclusively by all of its members

*(4) Members' Percentage Interests:* A member's percentage interest in this LLC shall be computed as a fraction, the numerator of which is the total of a member's capital account and the denominator of which is the total of all capital accounts of all members. This fraction shall be expressed in this agreement as a percentage, which shall be called each member's "percentage interest" in this LLC.

*(5) Membership Voting:* Except as otherwise may be required by the Articles of Organization, Certificate of Formation or a similar organizational document, other provisions of this operating agreement, or under the laws of this state, each member shall vote on any matter submitted to the membership for approval in proportion to the member's percentage interest in this LLC. Further, unless defined otherwise for a particular provision of this operating agreement, the phrase "majority of members" means the vote of members whose combined votes equal more than 50% of the votes of all members in this LLC.

*(6) Compensation:* Members shall not be paid as members of the LLC for performing any duties associated with such membership, including management of the LLC. Members may be paid, however, for any services rendered in any other capacity for the LLC, whether as officers, employees, independent contractors or otherwise.

*(7) Members' Meetings:* The LLC shall not provide for regular members' meetings. However, any member may call a meeting by communicating his or her wish to schedule a meeting to all other members. Such notification may be in person or in writing, or by telephone, facsimile machine, or other form of electronic communication reasonably expected to be received by a member, and the other members shall then agree, either personally, in writing, or by telephone, facsimile machine or other form of electronic communication to the member calling the meeting, to meet at a mutually acceptable time and place. Notice of the business to be transacted at the meeting need not be given to members by the member calling the meeting, and any business may be discussed and conducted at the meeting. If all members cannot attend a meeting, it shall be postponed to a date and time when all members can attend, unless all members who do not attend have agreed in writing to the holding of the meeting without them. If a meeting is postponed, and the postponed meeting cannot be held either because all members do not attend the postponed meeting or the non-attending members have not signed a written consent to allow the postponed meeting to be held without them, a second postponed meeting may be held at a date and time announced at the first postponed meeting. The date and time of the second postponed meeting shall also be communicated to any members not attending the first postponed meeting. The second postponed meeting may be held

2

without the attendance of all members as long as a majority of the percentage interests of the membership of this LLC is in attendance at the second postponed meeting. Written notice of the decisions or approvals made at this second postponed meeting shall be mailed or delivered to each non-attending member promptly after the holding of the second postponed meeting. Written minutes of the discussions and proposals presented at a members' meeting, and the votes taken and matters approved at such meeting, shall be taken by one of the members or a person designated at the meeting. A copy of the minutes of the meeting shall be placed in the LLC's records book after the meeting.

*(8) Membership Certificates:* This LLC shall be authorized to obtain and issue certificates representing or certifying membership interests in this LLC. Each certificate shall show the name of the LLC, the name of the member, and state that the person named is a member of the LLC and is entitled to all the rights granted members of the LLC under the Articles of Organization, Certificate of Formation or a similar organizational document, this operating agreement and provisions of law. Each membership certificate shall be consecutively numbered and signed by one or more officers of this LLC. The certificates shall include any additional information considered appropriate for inclusion by the members on membership certificates. In addition to the above information, all membership certificates shall bear a prominent legend on their face or reverse side stating, summarizing or referring to any transfer restrictions that apply to memberships in this LLC under the Articles of Organization, Certificate of Formation or a similar organizational document and/or this operating agreement, and the address where a member may obtain a copy of these restrictions upon request from this LLC.  The records book of this LLC shall contain a list of the names and addresses of all persons to whom certificates have been issued, show the date of issuance of each certificate, and record the date of all cancellations or transfers of membership certificates.

*(9) Other Business by Members:* Each member shall agree not to own an interest in, manage or work for another business, enterprise or endeavor, if such ownership or activities would compete with this LLC's business goals, mission, profitability or productivity, or would diminish or impair the member's ability to provide maximum effort and performance in managing the business of this LLC.

## III. TAX AND FINANCIAL PROVISIONS

*(1) Tax Classification of LLC:* The members of this LLC intend that this LLC be initially classified as a **S corp** for federal and, if applicable, state income tax purposes.  It is understood that all members may agree to change the tax treatment of this LLC by signing, or authorizing the signature of, IRS Form 8832, Entity Classification Election, and filing it with the IRS and, if applicable, the state tax department within the prescribed time limits.

*(2) Tax Year and Accounting Method:* The tax year of this LLC shall be December 31, 2024. The LLC shall use the accrual method of accounting. Both the tax year and the accounting period of the LLC may be changed with the consent of all members if the LLC qualifies for such change, and may be effected by the filing of appropriate forms with the IRS and state tax authorities.

3

*(3) Tax Matters Partner:* If this LLC is required under Internal Revenue Code provisions or regulations, it shall designate from among its members a "tax matters partner" in accordance with Internal Revenue Code Section 6231 (a) (7) and corresponding regulations, who will fulfill this role by being the spokesperson for the LLC in dealings with the IRS as required under the Internal Revenue Code and Regulations, and who will report to the members on the progress and outcome of these dealings.

*(4) Annual Income Tax Returns and Reports:* Within 60 days after the end of each tax year of the LLC, a copy of the LLC's state and federal income tax returns for the preceding tax year shall be mailed or otherwise provided to each member of the LLC, together with any additional information and forms necessary for each member to complete his or her individual state and federal income tax returns. If this LLC is classified as a partnership for income tax purposes, this additional information shall include a federal (and, if applicable, state) Form K-1 (Form 1065 - Partner's Share of Income, Credits, Deductions) or equivalent income tax reporting form. This additional information shall also include a financial report, which shall include a balance sheet and profit and loss statement for the prior tax year of the LLC.

*(5) Bank Accounts:* The LLC shall designate one or more banks or other institutions for the deposit of the funds of the LLC, and shall establish savings, checking, investment and other such accounts as are reasonable and necessary for its business and investments.  One or more members of the LLC shall be designated with the consent of all members to deposit and withdraw funds of the LLC, and to direct the investment of funds from, into and among such accounts. The funds of the LLC, however and wherever deposited or invested, shall not be commingled with the personal funds of any members of the LLC.

*(6) Title to Assets:* All personal and real property of this LLC shall be held in the name of the LLC, not in the names of individual members.

## IV. CAPITAL PROVISIONS

*(1) Capital Contributions by Members:* Members shall make the following contributions of cash, property or services as shown next to each member's name below. Unless otherwise noted, cash and property described below shall be paid or delivered to the LLC on or by February 17, 2024. The fair market values of items of property or services as agreed between the LLC and the contributing member are also shown below. The percentage interest in the LLC that each member shall receive in return for his or her capital contribution is also indicated for each member.

| NAME & ADDRESS | CONTRIBUTION | % INTEREST IN LLC |
| --- | --- | --- |
| **(1) Roger Rowe** | **$5,000.00** | **100 %** |
| 20 Spruce rd. | | |
| Amityville, NT 11701 | | |

4

**(2) N/A**_____     _____     _____

_____

_____

**(3) N/A** _____     _____     _____

_____

_____

*(2) Additional Contributions by Members:* The members may agree, from time to time by unanimous vote, to require the payment of additional capital contributions by the members, on or by a mutually agreeable date.

*(3) Failure to Make Contributions:* If a member fails to make a required capital contribution within the time agreed for a member's contribution, the remaining members may, by unanimous vote, agree to reschedule the time for payment of the capital contribution by the late-paying member, setting any additional repayment terms, such as a late payment penalty, rate of interest to be applied to the unpaid balance, or other monetary amount to be paid by the delinquent member, as the remaining members decide. Alternatively, the remaining members may, by unanimous vote, agree to cancel the membership of the delinquent member, provided any prior partial payments of capital made by the delinquent member are refunded promptly by the LLC to the member after the decision is made to terminate the membership of the delinquent member.

*(4) No Interest on Capital Contributions:* No interest shall be paid on funds or property contributed as capital to this LLC, or on funds reflected in the capital accounts of the members.

*(5) Capital Account Bookkeeping:* A capital account shall be set up and maintained on the books of the LLC for each member. It shall reflect each member's capital contribution to the LLC, increased by each member's share of profits in the LLC, decreased by each member's share of losses and expenses of the LLC, and adjusted as required in accordance with applicable provisions of the Internal Revenue Code and corresponding income tax regulations.

*(6) Consent to Capital Contribution Withdrawals and Distributions:* Members shall not be allowed to withdraw any part of their capital contributions or to receive distributions, whether in property or cash, except as otherwise allowed by this agreement and, in any case, only if such withdrawal is made with the written consent of all members.

*(7) Allocations of Profits and Losses:* No member shall be given priority or preference with respect to other members in obtaining a return of capital contributions, distributions or allocations of the income, gains, losses, deductions, credits or other items of the LLC.  The profits and losses of the LLC, and all items of its income, gain, loss, deduction and credit shall be allocated to members according to each member's percentage interest in this LLC.

5

*(8) Allocation and Distribution of Cash to Members:* Cash from LLC business operations, as well as cash from a sale or other disposition of LLC capital assets, may be distributed from time to time to members in accordance with each member's percentage interest in the LLC, as may be decided by Roger Rowe of the members.

*(9) Allocation of Noncash Distributions:* If proceeds consist of property other than cash, the members shall decide the value of the property and allocate such value among the members in accordance with each member's percentage interest in the LLC. If such noncash proceeds are later reduced to cash, such cash may be distributed among the members as otherwise provided in this agreement.

*(10) Allocation and Distribution of Liquidation Proceeds:* Regardless of any other provision in this agreement, if there is a distribution in liquidation of this LLC, or when any member's interest is liquidated, all items of income and loss shall be allocated to the members' capital accounts, and all appropriate credits and deductions shall then be made to these capital accounts before any final distribution is made. A final distribution shall be made to members only to the extent of, and in proportion to, any positive balance in each member's capital account.

## V. MEMBERSHIP WITHDRAWAL AND TRANSFER PROVISIONS

*(1) Withdrawal of Members:* A member may withdraw from this LLC by giving written notice to all other members at least 180 days before the date the withdrawal is to be effective.

*(2) Restrictions* on *the Transfer of Membership:* A member shall not transfer his or her membership in the LLC unless all non-transferring members in the LLC first agree to approve the admission of the transferee into this LLC. Further, no member may encumber a part or all of his or her membership in the LLC by mortgage, pledge, granting of a security interest, lien or otherwise, unless the encumbrance has first been approved in writing by all other members of the LLC. Notwithstanding the above provision, any member shall be allowed to assign an economic interest in his or her membership to another person without the approval of the other members. Such an assignment shall not include a transfer of the member's voting or management rights in this LLC, and the assignee shall not become a member of the LLC.

## VI. DISSOLUTION PROVISIONS

*(1) Events That Trigger Dissolution* of *the LLC:* The following events shall trigger dissolution of the LLC, except as provided:

(a) the death, permanent incapacity, bankruptcy, retirement, resignation or expulsion of a member, except that within **180** of the happening of any of these events, all remaining members of the LLC may vote to continue the legal existence of the LLC, in which case the LLC shall not dissolve;

6

(b) the expiration of the term of existence of the LLC if such term is specified in the Articles of Organization, Certificate of Formation or a similar organizational document, or this operating agreement;

(c) the written agreement of all members to dissolve the LLC;

(d) entry of a decree of dissolution of the LLC under state law.

## VII. GENERALPROVISIONS

*(1) Officers:* The LLC may designate one or more officers, such as a President, Vice President, Secretary and Treasurer. Persons who fill these positions need not be members of the LLC. Such positions may be compensated or non-compensated according to the nature and extent of the services rendered for the LLC as a part of the duties of each office. Ministerial services only as a part of any officer position will normally not be compensated, such as the performance of officer duties specified in this agreement, but any officer may be reimbursed by the LLC for out-of-pocket expenses paid by the officer in carrying out the duties of his or her office.

*(2) Records:* The LLC shall keep at its principal business address a copy of all proceedings of membership meetings, as well as books of account of the LLC's financial transactions. A list of the names and addresses of the current membership of the LLC also shall be maintained at this address, with notations on any transfers of members' interests to nonmembers or persons being admitted into membership in the LLC.

Copies of the LLC's Articles of Organization, Certificate of Formation or a similar organizational document, a signed copy of this operating agreement, and the LLC's tax returns for the preceding three tax years shall be kept at the principal business address of the LLC. A statement also shall be kept at this address containing any of the following information that is applicable to this LLC:

- the amount of cash or a description and value of property contributed or agreed to be contributed as capital to the LLC by each member;
- a schedule showing when any additional capital contributions are to be made by members to this LLC;
- a statement or schedule, if appropriate, showing the rights of members to receive distributions representing a return of part or all of members' capital contributions; and
- a description of, or date when, the legal existence of the LLC will terminate under provisions in the LLC's Articles of Organization, Certificate of Formation or a similar organizational document, or this operating agreement.

If one or more of the above items is included or listed in this operating agreement, it will be sufficient to keep a copy of this agreement at the principal business address of the LLC without having to prepare and keep a separate record of such item or items at this address. Any member may inspect any and all records maintained by the LLC upon reasonable notice to the LLC. Copying of the LLC's records by members is allowed, but copying costs shall be paid for by the requesting member.

7

*(3) All Necessary Acts:* The members and officers of this LLC are authorized to perform all acts necessary to perfect the organization of this LLC and to carry out its business operations expeditiously and efficiently. The Secretary of the LLC, or other officers, or all members of the LLC, may certify to other businesses, financial institutions and individuals as to the authority of one or more members or officers of this LLC to transact specific items of business on behalf of the LLC.

*(4) Indemnification:* The LLC shall indemnify the Member and those authorized officers, agents, and employees of the LLC identified in writing by the Member as entitled to being indemnified under this section for all costs, losses, liabilities and damages paid or accrued by the Member (as the Member or officer, agent, or employee) or any such office, agent, or employee in connection with the business of the LLC, except to the extent prohibited by the laws of the state that governs this Agreement. In addition, the LLC may advance costs of defense of any proceeding to the Member or any such officer, agent, or employee upon receipt by the LLC of an undertaking by or on behalf of such person to repay such amount if it shall ultimately be determined that the person is not entitled to be indemnified by the LLC.

*(5) Mediation and Arbitration* of *Disputes Among Members:* In any dispute over the provisions of this operating agreement and in other disputes among the members, if the members cannot resolve the dispute to their mutual satisfaction, the matter shall be submitted to mediation. The terms and procedure for mediation shall be arranged by the parties to the dispute. If good-faith mediation of a dispute proves impossible or if an agreed-upon mediation outcome cannot be obtained by the members who are parties to the dispute, the dispute may be submitted to arbitration in accordance with the rules of the American Arbitration Association. Any party may commence arbitration of the dispute by sending a written request for arbitration to all other parties to the dispute. The request shall state the nature of the dispute to be resolved by arbitration, and, if all parties to the dispute agree to arbitration, arbitration shall be commenced as soon as practical after such parties receive a copy of the written request. All parties shall initially share the cost of arbitration, but the prevailing party or parties may be awarded attorney fees, costs and other expenses of arbitration. All arbitration decisions shall be final, binding and conclusive on all the parties to arbitration, and legal judgment may be entered based upon such decision in accordance with applicable law in any court having jurisdiction to do so.

*(6) Governing Law*: This Agreement shall be governed by, and interpreted an enforced in accordance with, the substantive laws of the State in which the LLC was formed, without reference to the conflicts of law rules of that or any other jurisdiction.

*(7) Entire Agreement:* This operating agreement represents the entire agreement among the members of this LLC, and it shall not be amended, modified or replaced except by a written instrument executed by all the parties to this agreement who are current members of this LLC as well as any and all additional parties who became members of this LLC after the adoption of this agreement. This agreement replaces and supersedes all prior written and oral agreements among any and all members of this LLC.

*(8) Severability:* If any provision of this agreement is determined by a court or arbitrator to be invalid, unenforceable or otherwise ineffective, that provision shall be severed from the rest of this agreement, and the remaining provisions shall remain in effect and enforceable.

## VIII. SIGNATURES OF MEMBERS

*Execution of Agreement: In* witness whereof, the members of this LLC sign and adopt this agreement as the operating agreement of this LLC.

Date:          February 17, 2024

Signature:

Printed Name: Roger Rowe, Member

Date: _____

Signature: _____

Printed Name: _____, Member

Date: _____

Signature: _____

Printed Name: _____, Member

9